## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FCA US, L.L.C.,<br><br>Defendant. | Civil Action No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Jasmine Harvey, Jasmine Robinson and all aggrieved, current or former, female production employees, who are or were employed at Defendant FCA US, L.L.C.'s Detroit, Michigan Assembly Plant (the "Mack Plant"), and who were adversely affected by such unlawful practices. As alleged with greater particularity in paragraphs 14 through 46 below, the Commission alleges that Defendant FCA US, L.L.C. ("Defendant" or "Defendant Employer"),

1

violated Title VII by creating and maintaining a sexually hostile work environment and by constructively discharging Jasmine Robinson.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     Defendant is one of the largest automobile manufacturers in the United States.

5.     At all relevant times, Defendant has continuously been doing business in the State of Michigan and the City of Detroit, and has continuously had at least 15 employees.

6.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

<u>ADMINISTRATIVE PROCEDURES</u>

7.      More than 30 days prior to the institution of this lawsuit, Harvey filed a charge with the Commission alleging violations of Title VII by Defendant.

8.     More than 30 days prior to the institution of this lawsuit, Robinson filed a charge with the Commission alleging violations of Title VII by Defendant.

9.      On May 17, 2024, the Commission issued to Defendant Letters of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10.     The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letters of Determination. However, the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.     On June 7, 2024, the Commission issued to Defendant a Notice of Failure of Conciliation with respect to Robinson's charge, advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12.     On June 24, 2024, the Commission issued to Defendant a Notice of Failure of Conciliation with respect to Harvey's charge, advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

### TITLE VII (Hostile Work Environment)

14.     Since at least December of 2020, Defendant has engaged in unlawful employment practices at its Detroit, Michigan Assembly Plant location (the "Mack Plant") in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2 (a)(1). Defendant's unlawful employment practices include:

        a.  Tolerating sex discrimination against Harvey, Robinson, and other female employees at the Mack Plant by subjecting them to severe or pervasive sexual harassment, thus creating and maintaining a hostile work environment because of their sex;

    b.   Routinely ignoring sexual harassment complaints made by female employees about male supervisors and male co-workers (some of whom were placed in leadership roles);

    c.   Failing to keep track of sexual harassment complaints;

    d.   Failing to maintain an adequate complaint process to ensure that sexual harassment complaints are appropriately addressed;

    e.   Failing to investigate sexual harassment complaints at all, or failing to do so in a timely manner; and

    f.   Failing to take adequate preventative or corrective measures.

15.    Defendant received several complaints that male employees, including supervisors, were sexually harassing female employees. Some female employees were afraid to complain about the sexual harassment they suffered while working at the Mack Plant because Defendant routinely failed to discipline the male harassers, and often failed to address or respond to complaints.

16.    On or around January 16, 2018, Harvey, who is female, began working for Defendant as a production employee at Defendant's plant located in Warren, Michigan. In or around December of 2020, Harvey began working as a production employee at the Mack Plant.

17.    Soon after Harvey began working at the Mack Plant, Geffrey Harrison, a male production supervisor, began to make unwelcome sexual advances towards her.

18.     Harrison repeatedly came near Harvey's work area to ask her out on dates. Harrison regularly and inappropriately touched Harvey while she was working, leered at her in a sexual manner, and made offensive sexual comments to her.

19.     For example, Harrison began to intentionally walk by Harvey to brush up against the back of her thighs, and then pretended that his actions were accidental. Harrison's sexually charged comments included, but were not limited to the following: telling Harrison "I want your panties on my desk by noon," making comments about her body such as "Your ass is fat in those jeans," "You look real thick in those pants," and "Your body looks right in that outfit," and inappropriately expressing how he desires her, such as "You don't know what you do to me."

20.     Harrison also told lies about Harvey and started rumors about her, which included, but were not limited to, rumors that he possessed her underwear  and that she slept with various men working at the Mack Plant.

21.     Harvey complained about Harrison's sexual harassment and asked to be reassigned so that she would not have to work under his supervision.

22.      Defendant terminated Harvey soon after after she complained about Harrison.

23.     Harvey was not the only female employee who complained about Harrison. Other female employees complained to Defendant that Harrison touched them inappropriately, made vulgar, sexual comments to them, and would use his authority to make working at the Mack Plant more difficult. For example, one female

employee complained that Harrison touched her thigh and neck without her consent. Another female employee complained that Harrison rubbed his hand on her thigh while making sexual, inappropriate statements.

24.     Defendant failed to discipline Harrison.

25.     Defendant either ignored the sexual harassment complaints made by female employees about Harrison or failed to adequately address their complaints.

26.     On or around March 21, 2021, Robinson, who is female, began working as a production employee at the Mack Plant. Matthew Johnson, one of Defendant's "Team Leads" informed Robinson that he was her supervisor. Johnson made her move to a different area so that she had to work closer to him.

27.     Johnson began to sexually harass Robinson within two days of her employment.

28.     Johnson began to purposely have inappropriate sexual conversations in Robinson's presence. He constantly spoke about women "shaking their ass" and "sucking d*ck."

29.     Johnson asked Robinson and other female employees to come over to his house for "gifts" (meaning sex).

30.     Robinson told Johnson that his remarks and conduct made her uncomfortable, but he continued on with his misconduct. On a daily basis, Johnson would come over to the area where Robinson worked and spoke loudly about sexual intercourse directly to her and to other women who were present.

31.     Johnson began telling Robinson that he wanted to touch her.

32.     In April of 2021, Johnson *did* touch Robinson. He groped her rear end and she told him not to do that again. Johnson apologized to Robinson for physically touching her. However, he continued to intentionally visit her work area and speak loudly about men and women engaging in sexual intercourse in her presence.

33.     In April of 2021, Robinson walked down to Defendant's labor relations office and complained about Johnson's behavior. Robinson also complained to Defendant that she and other female employees were being sexually harassed by male supervisors.

34.     Defendant informed Robinson that it would investigate her complaint. On more than one occasion, Robinson pleaded with Respondent to transfer her so that she would not have to work under Johnson's supervision.

35.     Defendant refused to transfer Robinson, failed to address Robinson's sexual harassment complaint, and failed to discipline Johnson for sexual harassment.

36.     The unlawful employment practices complained of in paragraphs 14-35 were intentional and resulted in a severe or pervasive hostile work environment based on sex (female).

37.     The unlawful employment practices complained of in paragraphs 14-35 were done with malice and with reckless indifference to the federally protected rights of Harvey, Robinson, and all aggrieved current or former female production employees who work or worked at Defendant's Mack Plant.

38.     The effect of the practices described in paragraphs 14-35 were to deprive Harvey, Robinson, and all aggrieved current or former female production employees who work or worked at Defendant's Mack Plant, of equal employment opportunities and otherwise adversely affect their status of employees, because of their sex.

## Title VII (Constructive Discharge)

39.     The Commission incorporates by reference the allegations set forth in paragraphs 14-38.

40.     After Robinson complained to Defendant, Johnson engaged in threatening and intimidating conduct toward her. For example, he told her to "be careful about complaining," scowled at her when he saw her, and denied her request to go to the restroom loudly and in front of other employees, which embarrassed her.

41.     In May of 2021, Robinson told Defendant about Johnson's intimidation and repeatedly followed up with Defendant about the status of her sexual harassment complaint. Robinson continued to plead with Defendant to transfer her so that she would not have to work under the Johnson's supervision.

42.     Defendant failed to address Robinson's sexual harassment complaint and failed to transfer Robinson.

43.     Consequently, Robinson resigned on June 7, 2021.

44.     The unlawful employment practices complained of in paragraphs 39-43 were intentional and resulted in intolerable working conditions.

45.     The unlawful employment practices complained of in paragraphs 39-43 were done with malice and with reckless indifference to the federally protected rights of Robinson.

46.     The effect of the practices described in paragraphs 39-43 were to deprive Robinson of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.     GRANT a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from maintaining a sexually hostile work environment;

B.     ORDER Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees and which eradicate the effects of its past and present unlawful employment practices;

C.     ORDER Defendant Employer to make whole Harvey, Robinson and other similarly aggrieved women by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 14-46 above, in amounts to be determined at trial;

D.     ORDER Defendant Employer to make whole Harvey, Robinson and

other similarly aggrieved women by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in paragraphs 14-46 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

E.      ORDER Defendant Employer to pay Harvey, Robinson and other similarly aggrieved women punitive damages for its malicious and reckless conduct described in paragraphs 14-46 above, in amounts to be proven at trial;

F.      ORDER Defendant employer to make Robinson whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, front pay (or in the alternative, reinstatement), and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G.      GRANT such further relief as the Court deems necessary and proper in the public interest.

H.      AWARD the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

KARLA GILBRIDE
 General Counsel

CHRISTOPHER LAGE

Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M. Street, N.E.
Washington, D.C. 20507

KENNTH L. BIRD
Regional Attorney

OMAR WEAVER
Assistant Regional Attorney

/s/Karen L. Brooks (IL ARDC# 6285816)
Trial Attorney – Detroit Field Office
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
(313)774-0011
Karen.Brooks@eeoc.gov

Dated: January 17, 2025